**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Eduardo Pino, | No. CV-17-08021-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 10) to which Respondents filed a Limited Answer (Doc. 19). Following a thorough analysis, Magistrate Judge Burns recommended denial of and dismissal with prejudice of the Amended Petition (the "R&R"). (Doc. 34). Respondents have not filed an objection. Petitioner was given an extension of time to file an objection until November 8, 2019 (Doc. 36) and he filed one on that date (Doc. 37).

## I.    Background

Petitioner was tried and found guilty of two counts of aggravated assault, disorderly conduct, and misconduct involving weapons. He was sentenced to multiple terms of imprisonment for these offenses, the longest of which is 11.25 years. In his Amended Petition, Petitioner raises four grounds for relief: first, he contends that he was denied a speedy trial, in violation of the Sixth Amendment; second, that he was denied a right to talk to any witnesses, in violation of the Sixth Amendment Confrontation Clause; third, that his trial counsel provided ineffective assistance of counsel; and fourth, that the trial judge was disqualified because she was "under indictment for a case she had overseen prior to [Petitioner's]." (*Id.* at 5). After consideration of the issues, Judge Burns concluded that Grounds One through Three were procedurally defaulted from

federal habeas corpus review without an excuse for the default. (Doc. 34 at 14). Judge Burns noted that Ground Four had already been dismissed in the court's screening order for failure to allege a violation of federal laws or Petitioner's federal Constitutional rights. Accordingly, Judge Burns recommends the Petition be denied and dismissed with prejudice. (*Id.*).

## II.    Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## III.    Analysis

Judge Burns advised the parties that they had fourteen days to file objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the district court without further review." (*Id.*) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). As noted, Respondents have not filed an objection. After being granted an extension of time to filed an objection, Petitioner filed an Objection that summarizes and reiterates some of the

grounds in his Amended Petition but he does not object to the Magistrate Judge's findings and recommendations.

Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed Judge Burns' comprehensive and well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly, **IT IS ORDERED** that Magistrate Judge Burns's Report and Recommendation (Doc. 34) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 10) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 14th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge